STATE EX REL. KLETZSCH vs. WIDULE, County Clerk, and others.

*October 15, 1914.*

*Supreme court: Original jurisdiction: Elections: United States senator: Ballots: Second choice: Voting machines.*

1. An action to compel election commissioners to conduct an election for United States senator in a lawful manner, so that there should be no flaw in the title of the man declared elected, is one which involves a question *publici juris*, materially affect-

ing the rights of the whole people, and hence one in which the original jurisdiction of the supreme court should be exercised.

2. Under sub. 2, sec. 94w—1, Stats.—providing that the names of all nominees for United States senator shall be printed on the general ballot and that each voter may upon that ballot indicate his first and second choice for the office,—it is unlawful to use a separate paper ballot for the office of senator and voting machines for the rest of the ticket.

3. At any election at which the voter is entitled to vote for a second-choice candidate, voting machines which are not so·constructed as to afford him an opportunity to do so cannot lawfully be used.

MANDAMUS brought originally in this court to compel the county clerk of Milwaukee county and the board of election commissioners of the city of Milwaukee to prepare printed ballots for use at the general election in November, 1914, and to require them not to use or allow the use of voting machines at said election.   The action is brought with the consent of the attorney general on the relation of *Alvin P. Kletzsch,* a resident and voter of Milwaukee.   The petition shows that a United States senator is to be elected by popular vote at said election, and that where, as in Milwaukee, voting machines instead of paper ballots are in use, the law regulating senatorial elections (ch. 634, Laws of 1913: sec. 94w—1, Stats.), which provides that the names of senatorial nominees shall be on the general ballot, and allows every elector to record his vote for both his first and second choice for that position, cannot be complied with because it is mechanically impossible to record a first and second choice for the same office upon the machines now constructed.   The petition further showed that the county clerk and election commissioners were intending to solve the difficulty by using the voting machines for the entire ticket except the United States senator and providing a paper ballot for the latter office to be deposited in a ballot box, thus separating the candidates for senator from the other candidates.   The statements of the petition were substantially admitted by the re-

turns to the writ made by the defendants, and the plaintiff demurred to the returns.

The cause was argued October 15, 1914.

*A. C. Umbreit,* for the relator.

*Lyman G. Wheeler* and *E. L. McIntyre,* for the defendants. [No brief on file.]

*J. E. Martin,* as *amicus curiæ.* [No brief on file.]

On October 15, 1914, it was ordered that the alternative writ of *mandamus* be made peremptory and addressed to all the defendants, forbidding the use of voting machines at the November general election and requiring the preparation and use at such election of a printed ballot as required in sub. 2 of sec. 94*w*—1, Stats.

The following opinion was filed October 27, 1914:

WINSLOW, C. J. This case seems clearly to be within the field within which this court has held that the original jurisdiction should be exercised. The election of a senator to represent the state in the highest legislative body in our scheme of government is certainly a matter *publici juris* in which every citizen is vitally interested. It is of the highest importance that the man declared elected to this office should be legally elected; that there should be no flaw in his title which might by possibility deprive him of his seat in the senate. If his title were to depend upon a slight majority of votes cast in violation of law it is easy to see that he might be denied his seat and the state might thus for a time lose its due share in the councils of the federal government. If the contention of the state be right, this action is an action to prevent a threatened wrong to the whole people, and hence upon familiar principles will be entertained originally by this court. *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164.

We pass the question whether a vote registered upon a voting machine satisfies the constitutional requirement that "all

votes shall be given by ballot" (Const. art. III, sec. 3), primarily because we find it unnecessary to decide that question in this case, but, secondarily, because it has not been argued and because we deem it too important and doubtful a question to be passed upon hurriedly, or in the absence of that help which able counsel, after thorough preparation, should be able to give the court.

It is admitted here by all parties, and we see no reason to believe that the admission is improvident, that there can be no vote cast for second choice for any office upon the voting machines now in operation in the city of Milwaukee and that it would require an entire rebuilding of the machines, if not the construction of new machines, to accomplish the purpose. The principal mechanical difficulty seems to be that the machine is purposely so built that when a vote is cast for one candidate for an office it locks and renders impossible the casting of a vote by the same elector for any other person for that office.

Sub. 2 of sec. 94w—1, Stats., provides that the names of all nominees for United States senator shall be printed on the ballot provided for in sub. 1 of sec. 38, Stats. (which is the general ballot covering both state and county officers arranged in party columns, so that by a single cross the voter can vote the entire party ticket), so that each elector may designate on the ballot the name of his first choice and of his second choice for that office, and that the ballot shall be marked in the manner prescribed in sub. 8 of sec. 11—12, relating to primary ballots. This last named subsection provides for two columns after the candidates' names, in the first of which the voter makes a mark indicating his first choice for an office and in the second his second choice.

It is very clear, therefore, that the legislature has here industriously provided that the names of the candidates for United States senator be printed on the general ballot and that every voter be given the opportunity upon that general ballot to indicate his first and second choice for the office.

State ex rel. Kletzsch v. Widule, 158 Wis. 387.

Now assuming for the purposes of the case only that the arranging of the names upon a voting machine and the moving of the levers by the voter constitutes a constitutional ballot, how can it be said that the names of the candidates for senator have been "printed" on that ballot or are on it at all when those names are only contained upon a separate slip of paper placed by the voter in a ballot box? It will not do to say that no harm is done, or that the substantial result is the same. The legislature has made known its will in an act devoted to this special subject; that will is plain and unmistakable and there is no excuse for misunderstanding or disobeying it.

There is another statutory requirement which seems fatal to the use of the present voting machines at any election at which a second-choice candidate may be voted for.

Sec. 44—3, Stats., which is a part of the law providing for the use of voting machines, provides that no voting machine shall be approved by the election commission unless it be constructed so as to "afford every elector a reasonable opportunity to vote for any person for any office or for or against any proposition for whom, or for or against which he is by law entitled to vote and enable him to do this in secrecy; and it must be so constructed as to preclude an elector from voting for any candidate for the same office or upon any question more than once, and from voting for any person for any office for whom he is not by law entitled to vote."

Under the senatorial election law a voter is entitled to vote for one man as his first choice and for another man as his second choice for the office of senator, and the machines in use in Milwaukee are not so constructed as to afford him an opportunity to do so.

The demurrers to the returns must be sustained and judgment ordered directing that the alternative writ be made peremptory without costs.

*By the Court.*—It is so ordered.